[Cite as *State v. Laster*, 2013-Ohio-621.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25019 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-CRB-5519 |
| v. | : | |
| | : | |
| SADE LASTER | : | (Criminal Appeal from |
| | : | Dayton Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of February, 2013.

. . . . . . . . . . .

JOHN J. DANISH, Atty. Reg. #0046639, and STEPHANIE L. COOK, Atty. Reg. #0067101, by TROY B. DANIELS, Atty. Reg. #0084957, Dayton City Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
      Attorneys for Plaintiff-Appellee

JOHN VOGEL, Atty. Reg. #0071169, 35 East Gay Street, Suite 212, Columbus, Ohio 43215
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Sade Laster appeals from her conviction and sentence following a jury trial on one count of misdemeanor assault.

{¶ 2}     In her sole assignment of error, Laster contends the trial court erred in failing to provide a full transcript of proceedings below, including voir dire, rendering her unable to pursue an appeal based on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712,  90 L.Ed.2d 69 (1986).

{¶ 3}     The record reflects that Laster was charged with assault for participating in an attack on the victim, Chelsea Probert, by striking her in the face. The jury found Laster guilty. The trial court imposed a 180-day jail sentence, gave Laster credit for nine days served, and suspended the remaining 171 days subject to two years of community control with conditions. The trial court suspended a $150 fine but imposed court costs.[1] This appeal followed.

{¶ 4}          After Laster filed her opening appellate brief complaining about the absence of a transcribed voir dire, a supplemental transcript was filed. That transcript contains the omitted voir dire. Upon receiving the new transcript, Laster filed a supplemental appellate brief. Therein, she asserts that the new transcript "remains incomplete and does not contain sufficient information" to enable her to pursue a purported *Batson* issue on appeal. More specifically, Laster argues:

> On page 44, after defense counsel and the prosecution have each finished questioning the jury, the trial judge holds an unrecorded sidebar. Then the trial judge begins dismissing jurors from the venire, and begins to seat the jury.

---

[1] A review of the trial court's on-line docket suggests that Laster's community control may have been terminated early. The trial court's docket also reflects, however, that she never paid her court costs, which, with additional fees, now total $903.46. Because the court costs remain unpaid, Laster's misdemeanor appeal is not moot despite her completion of community control and the absence of any other apparent collateral consequences stemming from her conviction. *Cf. State v. Caudill*, 2d Dist. Montgomery No. 24881, 2012-Ohio-2230, ¶9 (recognizing that a misdemeanor appeal is moot *after the judgment has been voluntarily satisfied* unless some collateral legal disability or loss of civil rights exists).

There is no record of any peremptory challenges, challenges for cause, objections or arguments by either party recorded in the transcript of voir dire. Only the questioning preliminary to the actual strikes [is] included, not the strikes themselves nor what follows them.

However, we do know that some jurors are excused for cause or by peremptory challenges. We know this because, when the trial judge seats the jury, some jurors out of the first twelve are removed, and other jurors farther down in the venire take their seats. Thus, juror number 16 moves to seat three, juror number 21 moves to seat number 4, etc.

*We have no way of knowing from the transcript whether the State excused any black jurors for cause or by peremptory challenge, whether the defense made any objection to such challenges, whether the state offered any proper reasons for so doing, whether there were even any black jurors present in the venire, whether the prosecutor struck a disproportionate number of black jurors, etc.*

(Appellant's supplemental brief, pg. 4) (Emphasis added).

{¶ 5}    Attached to Laster's original appellate brief is an affidavit in which she avers that her attorney objected to the removal of two out of three black potential jurors. The affidavit does not say whether the two black potential jurors were removed for cause or with peremptory challenges and does not specify whether her trial attorney's purported objection raised a *Batson* challenge. In the brief of the appellee, counsel for the state, who was also trial counsel, denies that there was any *Batson* challenge and asserts that the appellant, seated close

to the jury, was not at, or able to hear the sidebar conferences anyway. In any event, based upon appellant's affidavit and the lack of a transcript reflecting what occurred when potential jurors were stricken, Laster contends we must reverse her conviction and remand for a new trial. In support, she reasons that we cannot know whether her rights were violated under *Batson* and, as a result, that we cannot exclude the possibility of prejudicial error.

{¶ 6} Upon review, we find Laster's argument to be unpersuasive. As an initial matter, we cannot consider her affidavit, which was created after her appeal and was not part of the record below. *State v. Brown*, 2d Dist. Clark No. 2009 CA 96, 2010-Ohio-4391, ¶9 fn.1; *State v. Mathers*, 2d Dist. Clark No. 2000 CA 92, 2002-Ohio-4117, ¶8. Absent that affidavit, Laster admits the record contains no evidence to support a *Batson* argument. The voir dire transcript simply reflects the trial court excusing certain prospective jurors after counsel completed questioning. (*See* Supplemental Tr. at 44-45). Any discussion about excusing the prospective jurors apparently occurred at two unrecorded sidebars. (*Id.*).[2]

{¶ 7} Contrary to Laster's argument, failure to record the two sidebars does not require reversal. Although non-production of a complete record can require reversal of a conviction, all reasonable solutions first must be exhausted without success. *State v. Lewis*, 2d Dist. Montgomery No. 23850, 2011-Ohio-1411, ¶26. This includes resort to App.R. 9, which "provides a process by which a statement of the evidence may be created to cure the defect of the lack of an entire transcript, let alone individual defects." *Id.* at ¶28. In particular, App.R. 9(E) contains procedures to correct the record if anything material is omitted. Moreover, under

---

[2] The better practice would be for the trial court to record the sidebars, or, at some time and manner out of the jury's hearing, at least the court and counsel should reiterate on the record what had occurred during unrecorded sidebars.

App.R. 9(C), Laster's counsel could have prepared a statement of the unrecorded sidebars "from the best available means" and submitted it to the trial court to settle any objections. *Id.* Counsel also could have sought an agreed statement regarding what occurred at the sidebars. *Id.* Input could have been acquired from trial counsel for the defendant and for the state, and most importantly, from the trial court itself. Because Laster made no effort to reconstruct the record under App.R. 9 to identify what occurred during the two sidebars, their failure to be recorded does not constitute reversible error. *State v. Goodwin*, 84 Ohio St.3d 331, 340, 703 N.E.2d 1251 (1999) (recognizing "that reversal will not occur because of unrecorded * * * sidebars where the defendant has failed to demonstrate that a request was made at trial or objections were made, that an effort under App.R. 9 was made to reconstruct what occurred, and that material prejudice resulted").

{¶ 8} Finally, we note that absent evidence showing whether the venire contained any black potential jurors, whether the State excused any black potential jurors, whether defense counsel objected, or whether the State proffered a race-neutral reason for any strikes, Laster cannot possibly prevail on a *Batson* argument on appeal—a fact she appears to concede.

{¶ 9} Based on the reasoning set forth above, we overrule Laster's assignment of error and affirm the judgment of the Dayton Municipal Court.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

John J. Danish / Stephanie L. Cook
Troy B. Daniels
John Vogel

Hon. Deirdre E. Logan