[Cite as *State v. Martin*, 2016-Ohio-5352.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-106 |
| | : | |
| v. | : | T.C. NO. 14CRB4345 |
| | : | |
| STEPHANIE MARTIN | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___12th___ day of ____August____, 2016.

. . . . . . . . . .

MARC ROSS, Atty. Reg. No. 0070446, 50 E. Columbia Street, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

SAMANTHA L. BERKHOFER, Atty. Reg. No. 0087370, P. O. Box 2693, Springfield, Ohio 45501
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Stephanie Martin appeals from her conviction, upon her guilty plea, for obstructing official business. Martin's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that she found no issue upon which to base an appeal. By entry, we informed Martin that her

attorney had filed an *Anders* brief on her behalf and granted her 60 days from that date to file a pro se brief. No pro se brief has been filed.

**{¶ 2}** We have conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We conclude that Martin's appeal must be dismissed as moot.

**{¶ 3}** On October 29, 2014, Martin was charged with falsification, based on her recantation of allegations against her former live-in boyfriend. The recantation occurred the day after her former boyfriend allegedly violated a protection order by entering Martin's home, ransacking it, and then following Martin and her brother when the two fled the home in Martin's car. Martin told officers that she had lied about her former boyfriend because she was mad at him. The officers did not believe her recantation.

**{¶ 4}** On May 26, 2015, Martin pled guilty to an amended charge of obstructing official business, a misdemeanor of the second degree. The record contains a "pretrial review form," which reflects the plea and was signed by the parties and the court. A transcript of the plea hearing is not part of the record before us.

**{¶ 5}** On October 20, 2015, the trial court sentenced Martin to seven days in jail for obstructing official business. That sentence was made consecutive to a three-day sentence that she received in a separate OVI case, for an aggregate jail term of ten days. At the sentencing hearing, Martin requested a two-week stay of her sentence so that she could make arrangements with her employer and for her children. The trial court granted the request, but it modified the sentence in the OVI case to fifteen days in jail, with twelve days suspended on the condition that Martin reported to the jail on November 3, 2015.

**{¶ 6}** Martin reported to the jail on November 3, 2015, as required. The record

contains a jail commitment form, which reflects that Martin was booked into the jail at 8:45 a.m. on November 3, 2015, and that she was required to serve a total of ten days – three days for Case No. 15 TRC 530 (OVI) and seven days for Case No. 14 CRB 4345 (obstructing official business).

**{¶ 7}** Martin appealed her conviction on November 18, 2015.

**{¶ 8}** In her *Anders* brief, appellate counsel raises one potential assignment of error, namely that she "was uninformed or received unclear legal advice" because she had "changes in counsel in the public defender's office during the time of her pending case." According to counsel, Martin's original trial counsel passed away unexpectedly, and another public defender was assigned to her case.

**{¶ 9}** At the outset, we note that the record does not contain a transcript of the plea hearing. In the absence of the plea hearing transcript, we cannot review whether there are any non-frivolous issues involving that hearing. In general, we would require counsel to obtain the missing transcript prior to conducting our *Penson* review. In this case, however, we need not require counsel to obtain the plea hearing transcript, because the record before us demonstrates that Martin's appeal is moot.

**{¶ 10}** " 'Where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction.' " *State v. Byrd*, 185 Ohio App.3d 30, 2009-Ohio-5606, 923 N.E.2d 161, ¶ 10 (2d Dist.), quoting *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994).

{¶ 11} Martin's sentence for obstructing official business consisted of a seven-day jail sentence. At sentencing, Martin's defense counsel asked the trial court if it "would be possible for [Martin] to report to jail at a later date so that she can make arrangements for, or attempt to make arrangements for her children and with her employment." Counsel requested a delay of two weeks, which the trial court granted (with some modification to Martin's sentence for OVI). Martin did not request a stay of her misdemeanor sentence pending appeal, and it is apparent from the record that she has satisfied her jail sentence. Because Martin has already completely served her sentence for obstructing official business, we have no ability to provide her any meaningful remedy on appeal from that conviction. There is no evidence, or even a suggestion, of a collateral consequence from Martin's conviction.

{¶ 12} Although appellate counsel failed to provide a complete record, the record nevertheless establishes that this appeal is moot. Accordingly, Martin's appeal will be dismissed.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Marc Ross
Samantha L. Berkhofer
Stephanie Martin
Hon. Thomas E. Trempe