[Cite as *State v. Nared*, 2017-Ohio-6999.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.  2017-CA-3 |
| | : | |
| v. | : | T.C. NO.  16-CRB-3471 |
| | : | |
| CLARENCE D. NARED | : | (Criminal Appeal from |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ____28th____ day of _____July_____, 2017.

. . . . . . . . . . .

MARC T. ROSS, Atty. Reg. No. 0070446, Prosecutor's Office, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

CHRISTOPHER C. GREEN, Atty. Reg. No. 0077072, 130 W. Second Street, Suite 830, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Clarence D. Nared appeals from a judgment of the Clark County Municipal Court, which found him guilty on his guilty plea of theft, a misdemeanor of the first degree, sentenced him to 180 days in jail, and imposed costs.

{¶ 2} For the following reasons, the judgment of the trial court will be reversed

and this matter will be remanded for further proceedings.

{¶ 3} On September 14, 2016, Nared was arrested for stealing shoes from another person on a bike path in Springfield. It appears from the transcript of the plea hearing that Nared was also charged with and arrested for assault, but that offense was under a different case number; it is unclear if these offenses were related.[1] Nared remained in jail following his arrest. At a hearing on October 19, 2016, Nared pled guilty to the theft charge, and the prosecutor asked to dismiss the assault charge because the victim had not appeared. The prosecutor also agreed that the time served was "sufficient in this [theft] case." Defense counsel stated several times that the court was in agreement with this sentence, and this assertion was not refuted.[2] Nared was released from jail,[3] but sentencing was scheduled for a later date because of questions about restitution. A presentence investigation (PSI) was ordered.

{¶ 4} In the PSI, the probation officer recommended that Nared be sentenced to six months in jail. She described him as a "career thief," who had been in jail or prison most or part of "almost every year of his adult life," had failed to pay fines and court costs in any of his cases, and had failed to pay restitution of $30 in a theft case earlier that year.

{¶ 5} Based on the PSI report, and notwithstanding the statements at the plea

---

[1] The presentence investigation report indicates that Nared did not harm or threaten the victim and that the victim did not see any weapons.

[2] We note that it appears from the transcript that the court reporter has referred to both the prosecutor and defense counsel as "THE STATE" in its transcription.

[3] There is some ambiguity in the record about how long Nared was held in jail prior to entering his plea, and on which offense(s), and about the court's calculation of 60 days for time served when it imposed sentence (below). But these issues are not relevant to this appeal.

hearing that the parties and the court had agreed to a sentence of time served, the trial court imposed a sentence of 180 days, with 60 days for time served, and costs. The court did not order restitution.

{¶ 6} Nared returned to jail on December 6, 2016, to serve the remainder of his sentence, with an anticipated release date of April 28, 2017.[4] Nared did not request a stay of any portion of his sentence. The record does not indicate that Nared paid the court costs.

{¶ 7} On appeal, Nared argues that the trial court erred in failing to substantially comply with Crim.R. 11(E) when it accepted his guilty plea.

{¶ 8} Crim.R. 11 sets forth distinct procedures for the trial court to follow in accepting a plea, with the procedures varying based on whether the offense involved is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony. *State v. Jones,* 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 11; *State v. Hall,* 2d Dist. Greene No. 2011 CA 32, 2012-Ohio-2539, ¶ 18. For a "petty offense" misdemeanor, such as Nared's theft offense, the trial court was required only to inform Nared of the effect of his guilty plea. *Jones* at ¶ 14; Crim.R. 11(E); *see* Crim.R. 2 (defining classifications of offenses). The supreme court has held that, to satisfy the requirement of informing a defendant of "the effect of the plea" before accepting a guilty plea to a petty misdemeanor, the court is required to inform the defendant that the plea is a complete admission of guilt. *Jones* at ¶ 25. Unlike the provisions applicable to more serious offenses, Crim. R. 11(E) does not require the trial court to personally address the

---

[4] A "full sentence release date" was stated on the Clark County Sheriff's Office "P.R.I.D.E./Trustee Screening Approval/Release Form," which is contained in the record.

defendant and determine that the defendant understands the nature of the charge and is entering the plea voluntarily. *State v. Wright*, 2d Dist. Montgomery 26471, 2015-Ohio-3919, ¶ 17, citing *State v. Hopkins,* 2d Dist. Greene No. 2002-CA-108, 2003-Ohio-5963, ¶ 16.

{¶ 9} Here, the trial court asked Nared if he had "any questions about the maximum punishments" or about the constitutional rights he was "giving up," but it did not inform him that his plea constituted a complete admission of guilt. We agree with Nared that the discussion at the plea hearing failed to comply with the requirements of Crim.R. 11(E) and *Jones* for a petty misdemeanor offense. We are also troubled by the fact that, at several points during the plea hearing, Nared was told that the prosecutor and the judge were in agreement with sentencing him to time served, but the court subsequently imposed a sentence of 180 days.

{¶ 10} The State argues that the alleged failure by the trial court to comply with Crim.R. 11(E) is moot because Nared has completed his sentence.

{¶ 11} " 'Where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction.' " *State v. Byrd,* 185 Ohio App.3d 30, 2009-Ohio-5606, 923 N.E.2d 161, ¶ 10 (2d Dist.), quoting *State v. Golston,* 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994); *State v. Martin*, 2d Dist. Clark No. 2015-CA-106, 2016-Ohio-5352, ¶ 10.

{¶ 12} The State correctly observes that Nared has completed his jail sentence.

However, the record does not indicate that the costs imposed have been paid. (The Clark County Municipal Court website indicates that they have not been paid.) We have held that the completion of a jail sentence, payment of fines, and payment of costs are all relevant to the question whether an appeal is moot. *See, e.g., State v. Lovato*, 2d Dist. Montgomery No. 25683, 2014-Ohio-2311, ¶ 45; *State v. Laster*, 2d Dist. Montgomery No. 25019, 2013-Ohio-621, fn. 1; *see also State v. Tsibouris*, 1st Dist. Hamilton Nos. C-120414 and 120415, 2014-Ohio-2612, ¶ 18. The State incorrectly asserts that the payments of costs and restitution "are irrelevant because the appellant spent the maximum amount of jail time allowable" for the offense of which he was convicted. We reject the State's argument that Nared's appeal is moot.

{¶ 13} The assignment of error is sustained.

{¶ 14} The trial court's judgment will be reversed, and this matter will be remanded for further proceedings.

. . . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Marc T. Ross
Christopher C. Green
Hon. Thomas E. Trempe