**[Cite as *State v. Griffin*, 2024-Ohio-1568.]**

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DAKOTA GRIFFIN | : | Case No. 23 COA 018 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 23-CRI-086


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        April 23, 2024


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

CHRISTOPHER R. TUNNELL        CHRISTOPHER BAZELEY
110 Cottage Street        9200 Montgomery Road
Third Floor        Suite 8A
Ashland, OH  44805        Cincinnati, OH  45242

*King, J.*

{¶ 1}   Defendant-Appellant Dakota Griffin appeals the October 24, 2023 judgment of the Ashland County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On March 9, 2023, Griffin and his brother went to the home of Griffin's ex-girlfriend. There they committed a home invasion and an assault upon the ex-girlfriend's new boyfriend. As a result, on April 13, 2023, the Ashland County Grand Jury returned an indictment charging Griffin with one count of aggravated burglary, a felony of the first degree, and two counts of complicity to felonious assault, felonies of the second degree.

{¶ 3}   On September 18, 2023, following plea negotiations with the state, Griffin entered pleas of guilty to an amended charge of one count of attempted aggravated burglary, a felony of the second degree and both counts of felonious assault. A presentence investigation was ordered and the matter was set over for sentencing.

{¶ 4}   On October 24, Griffin appeared for sentencing. The trial court merged the complicity charges and ordered Griffin to serve an aggregate total of four to six years incarceration.

{¶ 5}   Griffin filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 6}   "THE TRIAL COURT FAILED TO PROPERLY ADVISE GRIFFIN OF THE POSSIBILITY OF CONSECUTIVE SENTENCES FOR A VIOLATION OF POST RELEASE CONTROL (PRC) BEFORE HE PLED GUILTY."

{¶ 7}   In his sole assignment of error, Griffin argues that during its plea colloquy, the trial court failed to advise him that he could be ordered to serve any sentence for a violation of PRC consecutive to a sentence for any new felony committed while on PRC. We disagree.

{¶ 8}   When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474 (1990); *State v. Groves*, 5th Dist. Fairfield Nos. 2019 CA 00032, 2019-Ohio-5025, ¶7.

{¶ 9}   Criminal Rule 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C), and strictly comply with the constitutional notifications. *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31.

{¶ 10} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering his plea, he waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront witnesses against him; (3) compulsory process for obtaining witnesses in his favor; (4) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *Veney*, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. Id. at ¶ 31.

{¶ 11} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if

applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13. For these non-constitutional rights, the trial court must substantially comply with the mandates of Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15.

{¶ 12} During its plea colloquy the trial court in this matter advised:

> Now, if you are sent to prison on this case, when you get out, you are going to be subject to a mandatory term of what's called post-release control, that is mandatory in your case from 18 months to three years. And when you are on post-release control, you have certain rules and conditions you have to abide by.
>
> If you violate those rules, the Parole Board could send you back to prison in 9-month increments for each rule violation, but never more than one-half of your originally stated term in total for all rule violations.

{¶ 13} Transcript of Plea (T.) 14.

{¶ 14} Also during the plea hearing, Griffin acknowledged he read, understood and signed a Waiver of Constitutional Rights and Plea of Guilty and had discussed the

document with his counsel before signing. T. 7. The document included the following notification:

> The Court further finds that the Defendant understands that if he is now on felony probation, parole, under a community sanction, or under post release control from prison, this plea may result in revocation proceedings and any new sentence could be imposed consecutively. If the Defendant is on post release control from prison and the Court chooses to revoke the Defendant's post release control and impose a prison sanction, the additional prison term must be served consecutive to the prison term imposed in this case.

{¶ 15} Waiver of Constitutional Rights and Plea of Guilty, docket at 21, page 2.

{¶ 16} The document further advised Griffin:

> A violation of any post release control rule or condition can result in a more restrictive sanction while Defendant is under post release control, and increased duration of supervision or control, up to the maximum term and reimprisonment even though the Defendant may have served the entire stated prison term imposed upon him by this Court for all offenses. If the Defendant violates conditions of supervision while under post release control, the Parole Board could return him to prison for up to nine months for each violation, for a

total of ½ of the originally stated term. If the violation is a new felony,
the Defendant could receive a prison term of the greater of one year
or the time remaining on post release control, in addition to any other
prison term for the offense.

{¶ 17} *Id.*

{¶ 18} Griffin informed the court that he was not on PRC, probation, or community control at the time he entered his pleas. T. 6.

{¶ 19} Griffin concedes that while the trial court did not mention the possibility of consecutive sentences in its plea colloquy, that information was contained in the Waiver of Constitutional Rights and Plea of Guilty. In similar cases, this court has found "that where the written plea form fills in information regarding post-release control missing from the plea colloquy, the trial court has substantially complied with Crim.R. 11 for PRC purposes." *State v. Brown*, 5th Dist. Delaware No. 13CA13, 2013-Ohio-5515 at ¶ 30. See also *State v. Alexander*, 5th Dist. Stark No.2012CA00115, 2012-Ohio-4843, and *State v. Munyan*, 5th Dist. Licking No. 08-CA0-88, 2009-Ohio-2348.

{¶ 20} As in *Brown*, the facts of this sentencing provide us no reason to stray from our position on the matter of proper notification of PRC. Griffin was fully advised of post release control and the consequences for violating PRC orally and in writing. His sole assignment of error is therefore overruled.

{¶ 21} The judgment of the Ashland County Court of Common Pleas is affirmed.

By King, J.,

Gwin, P.J. and

Baldwin, J. concur.