[Cite as *State v. McNamara*, 2024-Ohio-3317.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff-Appellee

-vs-

BRYAN D. McNAMARA

      Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. John W. Wise, J.
Hon. Andrew J. King, J.

Case Nos. 24 CAA 03 0015
           24 CAA 03 0016

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case Nos. 23 CRI 04 0225 and 23 CRI 11 0694 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 29, 2024 |


APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
PROSECUTING ATTORNEY
KATHERYN L. MUNGER
ASSISTANT PROSECUTOR
145 North Union Street, 3rd Floor
Delaware, Ohio  43015

For Defendant-Appellant

CHRISTOPHER BAZELEY
9200 Montgomery Road
Suite 8A
Cincinnati, Ohio  45242

*Wise, J.*

**{¶1}**   Appellant Bryan D. McNamara appeals his conviction on one count of domestic violence, one count of violation of a protective order, and one count of criminal damaging, entered in the Delaware County Common Pleas Court, following a plea of guilty.

**{¶2}**   Appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶3}**   The relevant facts and procedural history are as follows:

*Case 23-CRI-04-0225*

**{¶4}**   On April 23, 2023, Appellant Bryan D. McNamara, his wife C.M., his minor son N.M., and his four-year old child were living together in a home in Galena, Ohio, Delaware County, when Appellant forcefully swung an open hand at C.M., hitting her in the arm and the face as he knocked her phone out of her hand. Four days later, on April 27, 2023, Appellant was mad at N.M. and forcefully threw a water bottle at the child. The bottle hit N.M. on the arm. Sometime after N.M. was hit, C.M. sent a coded message to a friend through Facebook to call for help. That friend contacted the County Sheriff's Office.

**{¶5}**   Prior to the above events, the Fairfield County Common Pleas Court had issued a Civil Stalking Protection Order against Appellant in Case No. 19CP52. The modified version in effect at the time of the offenses permitted Appellant to be in the presence of his wife C.M., his minor son N.M., and his four-year old child, but only permitted "peaceful contact." The Order indicated that Appellant was not to "abuse, harm, attempt to harm, threaten, follow, stalk, or harass" those three parties.

**{¶6}**  As a result of the actions which occurred on April 23, 2023, and April 27, 2023, Appellant Bryan D. McNamara was charged with two counts of Domestic Violence, in violation of R.C. §2929.25, and two counts of Violating a Protection Order, in violation of R.C. §2919.27, all felonies of the third degree. (Indictment, 23-CRI-04-0225). The victim in Counts 1 and 3 was C.M., Appellant's wife. The victim in Counts 2 and 4 was N.M., Appellant's minor son.

**{¶7}**  While in jail awaiting trial, Appellant violated the protection order several times by contacting C.M. from jail. (Bond Violation Notice, 23-CRI-04-0225, 11/20/2023). The court modified his bond so he was not permitted to make any calls from jail.

**{¶8}**  On January 5, 2024, pursuant to a plea agreement, Appellant entered guilty pleas to Count 1 - Domestic Violence, and Count 3 - Violation of a Protection Order. Counts 2 and 4 were dismissed pursuant to negotiations. The agreement he completed and signed stated that he waived his rights to appeal, including but not limited to the grounds listed in R.C. §2953 .08.

**{¶9}**  By Judgment Entry filed February 13, 2024, the trial court sentenced Appellant to a prison term of 24 months on Count 1 and 24 months on Count 3, to be served concurrently. Post release control is mandatory for at least 1 year and for up to 3 years.

*Case 23-CRI-11-0694*

**{¶10}** Additionally, while Appellant was in jail awaiting trial in 23-CRI-04-0225, Appellant was charged with one count of Vandalism, a felony of the fifth degree, after he damaged his jail cell. (Indictment 23-CRI-11-0694, 11/30/2023).

{¶11} At a hearing on February 15, 2024, Appellant pled guilty to a lesser included offense of Criminal Damaging, R.C. §2909.06(A)(1), a misdemeanor of the second degree. The trial court accepted the guilty plea and sentenced Appellant to serve 30 days in the Delaware County Jail and to pay costs. The term was to be served concurrently to the prison term in 23-CRI-04-0225.

{¶12} Appellant now appeals, raising the following errors for review:

### ASSIGNMENTS OF ERROR

{¶13} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO ADVISE MCNAMARA OF HIS CONSTITUTIONAL RIGHTS DURING HIS PLEA COLLOQY [SIC].

{¶14} "II. THE TIRAL [SIC] COURT FAILED TO PROPERLY IMPOSE PRC."

### I.

### (23-CRI-11-0694)

{¶15} In his first assignment of error, Appellant argues that the trial court failed to advise him of his constitutional rights during his plea colloquy. We disagree.

{¶16} More specifically, Appellant argues the trial court "never advised him of any of his rights as required by Crim.R. 11(C)" when it accepted his guilty plea to the criminal damaging charge in Case No. 23-CRI-11-0694. (Appellant's Brief at 4).

{¶17} A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading. *State v. Rice*, 2021-Ohio-988, ¶ 36 (5th Dist.)., citing *State v. Smith*, 2016-Ohio-3496, ¶ 6 (9th Dist.). If a misdemeanor case involves a serious offense, the court must address the defendant personally, inform him of the effect of his plea, determine that he is making the plea voluntarily, and, if he is unrepresented, address his right to counsel. Crim.R. 11(D). If a misdemeanor case involves a petty

offense, the plain language of Crim.R. 11(E) requires a trial court to do one thing before accepting a plea: inform the defendant of the effect of the plea. *State v. Jones*, 2007-Ohio-6093, paragraph one of the syllabus. To satisfy the requirement of "informing a defendant of the effect of a plea," the trial court must inform the defendant of the appropriate language under Crim.R. 11(B)(2), i.e., the court was required to inform appellant that a plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding. *Jones, supra*, 2007-Ohio-6093 at ¶ 25.

**{¶18}** A misdemeanor is a "serious offense" if "the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C).

**{¶19}** Pursuant to *State v. Watkins*, 2003-Ohio-2419, ¶ 25, when the underlying case involves misdemeanor offenses, a trial court is not required to inform the defendant of the constitutional rights he is waiving by pleading guilty. Informing of constitutional rights is not required to establish a voluntary plea. To this extent, a guilty plea will be deemed voluntary when the defendant has been informed of the nature of the charged offenses and the maximum penalties involved and has convinced the trial court that his plea is not induced by threats, coercion, or intimidation. S*tate v. Crable*, 2004-Ohio-6812, ¶ 12-13 (7th Dist.); Crim.R. 11(C)(2)(a).

**{¶20}** Appellant herein entered a plea of guilty to one count of Criminal Damaging, a violation of R.C. §2909.06(A)(1), a second-degree misdemeanor, a lesser included offense of the Vandalism charge set forth in the Indictment. A second-degree misdemeanor is punishable by up to 90 days in jail. (R.C. §2929.24(A)(2)). Appellant's

charge was therefore a petty offense, requiring only that Appellant be "informed of the nature of the charged offenses and the maximum penalties involved" and that the trial court is convinced that his plea is not induced by threats, coercion, or intimidation.

{¶21} Upon our review of the record of Appellant's change of plea and sentencing, we find the following exchange took place:

THE COURT:  And it is your desire today to withdraw your former plea of not guilty to the original charge and to enter instead today a plea of guilty to this reduced charge?

THE DEFENDANT: Yes, Your Honor.

THE COURT: A plea of guilty is a complete admission of your guilt and when you enter that kind of plea, you are acknowledging your guilt and you are accepting the legal consequences that flow from your actions; do you understand?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If you do plead guilty today, I can immediately find you guilty and I can also immediately impose a sentence on you; do you understand?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If you are convicted on the criminal damaging charge, you face up to 90 days in the county jail and a fine of up to $750; any questions about that?

THE DEFENDANT: No, Your Honor.

***

THE COURT: Do you want me to go through any constitutional rights today,

Mr. McNamara?

THE DEFENDANT: No, your honor.

**{¶22}** (T. at 8-10).

**{¶23}** Based on the foregoing, we find that the trial court informed Appellant as to the effect of his guilty plea and that trial court's plea colloquy with Appellant was sufficient.

**{¶24}** Furthermore, "[t]he failure to comply with Crim.R. 11 will not invalidate a plea unless the defendant was prejudiced. *Id.* citing *State v. Griggs,* 2004-Ohio-4415, ¶ 12. The test for prejudice is "whether the plea would have otherwise been made." *State v. Nero,* 56 Ohio St. 3d 106, 108, (1990).

**{¶25}** Appellant has not shown prejudice and has not argued that his plea would not have been made otherwise.

**{¶26}** Appellant's first assignment of error is overruled.

**II.**

**(**23-CRI-04-0225)

**{¶27}** In his second assignment of error, Appellant argues that the trial court failed to properly advise him as to post-release control. We disagree.

**{¶28}** A statutorily compliant imposition of post-release control requires the trial court to advise the defendant of three things at the sentencing hearing and in the sentencing entry: "(1) whether post-release control is discretionary or mandatory, (2) the duration of the post-release-control period, and (3) a statement to the effect that the [APA] will administer the post-release control pursuant to R.C. §2967.28 and that any

violation by the offender of the conditions of post-release control will subject the offender to the consequences set forth in that statute." S*tate v. Grimes*, 2017-Ohio-2927, ¶ 1, overruled on other grounds by *State v. Harper*, 2020-Ohio-2913. "[A]ny error in the exercise of [the court's] jurisdiction in imposing post-release control renders the court's judgment voidable, permitting the sentence to be set aside if the error [is] successfully challenged on direct appeal." *Harper* at ¶ 4.

**{¶29}** Appellant herein argues that the trial court failed to advise him "that he would be supervised by the Adult Probation Authority." (Appellant's Brief at 5).

**{¶30}** Upon review of the record, we find that the guilty plea form signed by Appellant and filed on January 1, 2023, states,

> I understand that the Adult Parole Authority will administer any period of post-release control pursuant to R.C. 2967.28, and that any violation of post-release condition could result in more restrictive non-prison sanctions, an increased duration of the length of supervision or control up to the maximum specified term, and/or reimprisonment even though I have served the entire stated prison term imposed upon me by this Court for all offenses.

**{¶31}** (Judgment Entry on Guilty Plea, 1/5/2024).

**{¶32}** During the sentencing hearing, the trial court advised Appellant as follows:

> At the end of the prison term, Mr. McNamara will be under a mandatory period of post-release control supervision. The post-release control period will last for at least one year and could last for up to three years.

Any violations by Mr. McNamara of the requirements of post-release control supervision could result in his return to prison for an additional 9 months for any one violation and for a total period of time for all violations that could add up to 12 months. If he did commit a new felony offense during the post-release control period, Mr. McNamara could of course be punished for that new felony and he could be returned to prison in connection with this case too. The additional prison term that he could face in this case would last for a period of time equal to the number of days still left on the post-release control period at that point or one year, whichever of those was greater, and that additional prison term in this case would be imposed consecutive to -- meaning stacked on top of -any penalty imposed on Mr. McNamara for the new felony offense itself.

**{¶33}** (Sent. T. at 18-19).

**{¶34}** In similar cases, this Court has found "that where the written plea form fills in information regarding post-release control missing from the plea colloquy, the trial court has substantially complied with Crim.R. 11 for PRC purposes." *State v. Brown*, 2013-Ohio-5515, ¶ 30 (5th Dist.). *See also State v. Alexander*, 2012-Ohio-4843 (5th Dist.), *State v. Munyan*, 2009-Ohio-2348 (5th Dist.), and *State v. Griffin*, 2024-Ohio-1568, ¶¶ 19-20 (5th Dist.).

**{¶35}** As in *Brown*, *supra* the facts of this sentencing provide us no reason to stray from our position on the matter of proper notification of PRC. Appellant was fully advised of post-release control and the consequences for violating PRC orally and in writing.

{¶36} Appellant's second assignment of error is overruled.

{¶37} For the forgoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J. and

King, J., concur.


JWW/kw 0814