[Cite as *State v. Gavarkavich*, 2026-Ohio-1031.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN E. GAVARKAVICH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0043

---

Criminal Appeal from the
Belmont County Court, Eastern Division, of Belmont County, Ohio
Case No. 25CRB00387E

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed in part.
Reversed in part.
Remanded.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Sarah J. Francois*, for Defendant-Appellant

Dated: March 25, 2026

**WAITE, P.J.**

**{¶1}** Appellant John E. Gavarkavich appeals his conviction for one count of misdemeanor theft based on a guilty plea arising from a negotiated plea agreement. Appellant contends, in part, that the trial court failed to explain the effect of his guilty plea as part of the plea colloquy. The state confesses error on this basis and agrees that the conviction and sentence should be vacated. While Appellant raises other issues, these are not well-taken. However, this matter must be remanded and Appellant's plea may be withdrawn to allow for further proceedings.

Facts and Procedural History

**{¶2}** On June 27, 2025, Appellant John E. Gavarkavich was charged with four counts of theft pursuant to R.C. 2913.02, first degree misdemeanors, in the Belmont County Court, Eastern Division. On August 7, 2025, the parties appeared for pretrial and notified the court that a plea agreement had been reached. Appellant agreed to plead guilty to count one and pay an agreed amount of restitution. The state agreed to dismiss the remaining three charges. The court accepted the plea, found Appellant guilty, and proceeded with sentencing. The court sentenced Appellant to 180 days in jail with 173 days suspended, restitution in the amount of $265.78, and ordered Appellant to stay away from Walmart. The final judgment of conviction and sentence was filed on August 7, 2025. Appellant filed his timely notice of appeal on August 12, 2025.

**{¶3}** Appellant raises three assignments of error. We will take Appellant's assignments out of order for ease of understanding, and begin our review with the second assignment of error.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED IF THE COURT PROCEEDED UNDER CRIM.R. 11(E) INSTEAD OF CRIM.R. 11(D) BECAUSE THE PRESENCE OF MULTIPLE MISDEMEANOR CHARGES EXPOSED APPELLANT TO A POTENTIAL SENTENCE EXCEEDING SIX MONTHS OF INCARCERATION, THEREBY RENDERING THE CASE A "SERIOUS OFFENSE", AND REQUIRING A MORE COMPREHENSIVE PLEA COLLOQUY.

{¶4}   Appellant pleaded guilty to one count of theft pursuant to R.C. 2913.02, a first-degree misdemeanor.  He was originally charged with four counts of first-degree misdemeanor theft, but this was reduced to only one count as part of his plea agreement with the prosecutor.  Appellant contends that the fact that he was originally charged with four counts of first-degree misdemeanor theft, potentially punishable by 24 months in jail, required the trial court to use the procedure found in Crim.R. 11(D) dealing with serious offenses when accepting the plea agreement, rather than Crim.R. 11(E), dealing  with petty offenses.

{¶5}   Crim.R. 11 governs various duties that a court must fulfill prior to accepting a guilty plea.  Crim.R. 11(D) governs pleas to misdemeanor charges involving serious offenses.  Crim.R. 11(E) governs pleas to misdemeanor charges involving petty offenses. A "petty offense" is any misdemeanor other than a "serious offense."  Crim.R. 2(D).  A "serious offense" is any felony or any misdemeanor for which the penalty includes confinement for more than six months.  Crim.R. 2(D).

**{¶6}** The primary differences between Crim.R. 11(D) and 11(E) are that Crim.R. 11(D) has the additional requirement that the court address the defendant personally, and that the court must determine that the plea is being made voluntarily. There are other requirements that apply when the defendant is not represented by counsel, but these do not apply here, as Appellant was represented by counsel when he entered his plea.

**{¶7}** Appellant contends it is the charging document, rather than the actual plea, that must be used to determine whether Crim.R. 11(D) or (E) applies. This argument is not supported in caselaw. *State v. Nared*, 2017-Ohio-6999 (2d Dist.); *State v. Henry*, 2003-Ohio-6048 (5th Dist.); *State v. McNamara*, 2024-Ohio-3317 (5th Dist.). The cases that Appellant has cited in support have been overturned and are no longer good law. *State v. Jackson*, 2001-Ohio-3256 (7th Dist.), overruled by *State v. Watkins*, 2003-Ohio-2419 (overruling recognized by *State v. Oklata*, 2004-Ohio-569 (7th Dist.)); *State v. Moore*, 111 Ohio App.3d 833 (7th Dist. 1996), implicitly overruled by *Jackson*.

**{¶8}** The Eleventh District dealt with the exact question posited by Appellant in *State v. Davis*, 2012-Ohio-527 (11th Dist.). Davis was charged with obstruction of justice, a first-degree misdemeanor, along with felony counts of complicity to trafficking in drugs and possession of criminal tools. Davis entered a plea to the misdemeanor obstruction of justice charge, and the other charges were dismissed. Davis argued on appeal that the trial judge should have used the advisements contained in Crim.R. 11(D) in accepting his plea instead of those found in Crim.R. 11(E). *Id.* at ¶ 9. The Eleventh District held:

> We initially note that Crim.R. 11(D) is not applicable to the present
> case, as it applies only to "serious offenses." A "serious offense" is defined
> by Crim.R. 2(C) as "any felony, and any misdemeanor for which the penalty

prescribed by law includes confinement for more than six months." Davis pled guilty to Obstructing Justice, a misdemeanor of the first degree, which is subject to a maximum sentence of 180 days. R.C. 2929.24(A)(1). There is no indication that Obstructing Justice is a "serious offense."

*Id.* at ¶ 13.

{¶9}    There was no question that serious offenses were initially charged in the *Davis* case, since some of the charges were felonies.  However, because only a petty misdemeanor offense was involved in the plea, Crim.R. 11(E) was properly applied.

{¶10}    Since Appellant pleaded guilty to only one charge, and that charge only put him at risk of 180 days of confinement, he pleaded guilty to a petty offense.  As such, Crim.R. 11(E) clearly applied.  As we are remanding this matter, and it is possible that Appellant may enter into a new plea agreement, this issue is not moot.  Appellant's second assignment of error is overruled.

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA WITHOUT FIRST INFORMING APPELLANT OF THE EFFECT OF THE PLEA, AND IN NOT INQUIRING WHETHER THE PLEA WAS ENTERED INTO VOLUNTARILY, IN VIOLATION OF CRIM.R. 11(E), THEREBY VIOLATING APPELLANT'S RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶11} Appellant argues that his guilty plea was not entered into knowingly, intelligently, and voluntarily because the trial court failed to inform him of the effect of his plea prior to accepting the plea to one count of misdemeanor theft under R.C. 2913.02, first degree misdemeanor. Although a guilty plea waives most challenges on appeal, it does not waive the requirement that a plea be made knowingly, intelligently, and voluntarily. *State v. Paolella*, 2022-Ohio-4816, ¶ 22 (7th Dist.). "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Lynn*, 2021-Ohio-4590, ¶ 4 (7th Dist.), quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). When a court fails to explain the effect of a plea of guilty, no contest, or not guilty, a plea cannot be made knowingly or intelligently. *City of Cleveland v. McCall*, 2017-Ohio-2863, ¶ 2 (8th Dist.). The judge is only required to explain the effect of the plea that is being entered. *State v. Jones*, 2007-Ohio-6093, ¶ 17.

{¶12} Appellant argues that the court failed to comply with the notice requirement in Crim.R. 11(E), which states: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." The "effect of the plea" refers to the information found in Crim.R. 11(B), which separately explains the effect of a plea of guilty, no contest, and not guilty. *State v. Jones*, 2007-Ohio-6093, ¶ 25.

{¶13} The state concedes that the trial court completely failed to explain to Appellant the effect of his guilty plea and that there was no compliance with Crim.R. 11(E). The state agrees that the case should be remanded for further proceedings where Appellant's plea may be withdrawn and his conviction and sentence vacated. Following

our own review of this issue, we agree.  Therefore, Appellant's first assignment of error has merit and is sustained.

ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT TO 7 DAYS IN JAIL, AS IT CONSIDERED CHARGES THAT WERE DISMISSED IN A PLEA AGREEMENT AS THE SOLE FACTOR IN SENTENCING.

{¶14} Appellant's third assignment of error is moot because his conviction is reversed and the plea is to be vacated.  Therefore, his sentence is also vacated.

Conclusion

{¶15} Appellant raises three assignments of error.  In his second assignment of error he argues that the trial judge erroneously used Crim.R. 11(E), dealing with petty misdemeanor offenses, instead of Crim.R. 11(D), which deals with serious misdemeanor offenses, when advising Appellant at the time his plea was accepted.  Appellant argues that the four theft crimes he was charged with constituted a serious offense and required the use of Crim.R. 11(D).  Since Appellant pleaded guilty to only one theft charge which had a potential punishment of six months or less, Crim.R. 11(E) governing petty misdemeanors was appropriately used by the trial court.  In Appellant's first assignment of error, he contends his plea was not made knowingly and intelligently because the trial court completely failed to inform him of the effect of his guilty plea as required by Crim.R. 11(E).  Appellee has conceded error, acknowledging that the court failed to explain to Appellant the effect of his guilty plea.  No such explanation appears in the record.

Therefore, Appellant's first assignment of error is sustained. Appellant's third assignment of error dealing with the trial court's consideration of factors at sentencing is moot. Appellant's conviction and sentence are reversed, and the case is remanded to the trial court to vacate Appellant's plea and conduct further proceedings according to law.

Robb, J. concurs.

Hanni, J. concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's first assignment of error is sustained, his second assignment is overruled, and his third assignment is moot. It is the final judgment and order of this Court that the judgment of the Belmont County Court, Eastern Division, of Belmont County, Ohio, is affirmed in part. Appellant's conviction and sentence and hereby reversed. This matter is remanded to the trial court to vacate the plea and conduct further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**