[Cite as *State v. Willis*, 2019-Ohio-1182.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                              Court of Appeals No. WD-16-048

    Appellee                                          Trial Court No. 2015CR0549

v.

Christopher S. Willis                              **DECISION AND JUDGMENT**

    Appellant                                        Decided:  March 29, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Thomas A.
Matuszak, Chief Assistant Prosecuting Attorney, and David T. Harold,
Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**MAYLE, P.J.**

**{¶ 1}** On September 27, 2016, appellant, Christopher Willis, pleaded guilty to and

was convicted of three misdemeanors:  one count of operating a vehicle under the

influence of alcohol and two counts of assault.  The trial court sentenced him to 180 days

in jail for each assault charge and 6 months in jail for the OVI charge, but suspended the sentences and placed Willis on a three-year term of community control.

{¶ 2} Willis appealed his convictions, and we affirmed the trial court's decision. *State v. Willis*, 6th Dist. Wood No. WD-16-048, 2017-Ohio-8924.

{¶ 3} On February 28, 2018, Willis moved to reopen his appeal under App.R. 26(B), arguing that his appellate counsel was ineffective for failing to raise the following assignment of error:

> Appellant's guilty plea was involuntary and unknowing when the
> trial court failed to inform appellant of the effect of his plea in violation of
> Crim.R. 11(E).

{¶ 4} We granted the motion to reopen and now consider the merits of this new assignment of error under App.R. 26(B)(7).

{¶ 5} For the following reasons, we find that Willis's new assignment of error is not well-taken and his previous appellate counsel was not ineffective, and we therefore confirm our prior judgment under App.R. 26(B)(9).

## I. Facts

{¶ 6} In our prior decision, we summarized the facts underlying Willis's convictions. The only facts that are relevant to the assignment of error before us now are those relating to the plea hearing:

> During the plea hearing, the court asked the prosecutor and defense
> counsel what agreement they had reached and confirmed with Willis that

2.

the terms conformed to his understanding of the plea agreement. After the state told the court the factual basis for the guilty pleas, the court asked "And, Mr. Willis, is that what happened?" Willis replied, "Yes, Your Honor." The court and defense counsel then engaged in the following exchange:

> THE COURT: And, again, based upon those facts your plea to Counts 1 and 2 as amended is?
>
> [DEFENSE COUNSEL]: Guilty, Your Honor.
>
> THE COURT: And as to Count 4?
>
> [DEFENSE COUNSEL]: Guilty, Your Honor.
>
> THE COURT: All right. We would accept those pleas and based upon the set of facts find the defendant guilty at this time of Assault in Counts 1 and 2, and OVI in Count 4. *Willis* at ¶ 5.

{¶ 7} Willis argues that he did not enter his guilty plea knowingly, intelligently, and voluntarily because the trial court did not inform him of the effect of his plea as required by Crim.R. 11(E) and Traf.R. 10(D) and that he would not have pleaded guilty but for the trial court's error. The state responds that any error by the trial court was harmless because the totality of the circumstances shows that Willis was aware of the effect of his guilty plea.

## II. Law and Analysis

{¶ 8} Initially, we note that Willis cites the Ohio Traffic Rules in relation to his guilty plea. Only the Ohio Rules of Criminal Procedure apply to his case, however. The traffic rules apply only to "traffic cases." Traf.R. 1(A). A "traffic case" is "any proceeding, *other than a proceeding resulting from a felony indictment*, that involves one or more violations of a law, ordinance, or regulation governing the operation and use of vehicles * * *." (Emphasis added.) Traf.R. 2(A). While Willis was charged with a "violation[] of a law, ordinance, or regulation governing the operation and use of vehicles" (i.e., the OVI), the traffic offense was bound over to the grand jury and indicted along with his felony assault offenses.[1] In such a case, the "proceeding result[s] from a felony indictment" and the traffic rules are inapplicable. *State v. Swiger*, 9th Dist. Summit No. 26556, 2013-Ohio-3519, ¶ 10 (traffic rules were inapplicable because the defendant "was charged with several different offenses, including felonies, so her charges arose from a felony indictment.").

{¶ 9} Under both the United States and Ohio Constitutions, a guilty plea must be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Criminal Rule 11 outlines the procedures the trial court must follow to ensure that a defendant's plea is knowing, intelligent, and voluntary. *State v. Jones*, 116

---

[1] Willis was indicted on two fourth-degree felony assault charges, but the state agreed to reduce the charges to misdemeanors in exchange for Willis's guilty plea.

4.

Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 11. "Literal compliance with Crim.R. 11, in all respects, remains preferable to inexact plea hearing recitations." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19, fn. 2, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 10} A trial court's Crim.R. 11 obligations in accepting a guilty plea depend upon the level of offense to which the defendant is pleading. *Jones* at ¶ 6. In cases—such as this one—where the defendant pleads guilty to a petty offense (i.e., any misdemeanor that is punishable by confinement for six months or less), the trial court must comply with the requirements of Crim.R. 11(E). *Id.* at ¶ 11; Crim.R. 2(C), (D).

{¶ 11} Under Crim.R. 11(E), the trial court cannot accept a plea of guilty or no contest "without first informing the defendant of the effect of the pleas * * *." The rule is satisfied by the court informing the defendant of the applicable language in Crim.R. 11(B). *Jones* at paragraph two of the syllabus. As relevant here, Crim.R. 11(B)(1) provides that "[t]he plea of guilty is a complete admission of the defendant's guilt." The trial court can inform the defendant of the effect of his plea either orally or in writing. *Jones* at ¶ 51. Although the trial court does not necessarily have to provide information regarding the effect of the plea at the plea hearing, it must do so before it accepts the defendant's guilty plea. *State v. Everson*, 6th Dist. Lucas No. L-17-1138, 2018-Ohio-323, ¶ 10, citing *Jones* at ¶ 20, fn. 3.

{¶ 12} Here, it is undisputed that the trial court did not literally comply with Crim.R. 11(E). That is, the trial court did not recite the relevant Crim.R. 11(B)(1)

5.

language to inform Willis that "[t]he plea of guilty is a complete admission of the defendant's guilt."

{¶ 13} When a trial court does not literally comply with Crim.R. 11, the remedy depends on the level of noncompliance and the type of right involved (i.e., constitutional versus nonconstitutional). *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 30-32. In felony cases, the trial court must inform the defendant of certain constitutional and nonconstitutional rights before accepting a plea under Crim.R. 11(C). But, in misdemeanor cases involving petty offenses (like this one), a trial court merely needs to comply with Crim.R. 11(E) by informing the defendant of the effect of the plea—which is a nonconstitutional right. *Id.* at ¶ 31; *Jones* at paragraph one of the syllabus.

{¶ 14} For nonconstitutional rights, the trial court must substantially comply with Crim.R. 11. *Clark* at ¶ 31. Substantial compliance exists when the totality of the circumstances shows that "the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474. The substantial-compliance analysis applies only in cases where "the trial judge imperfectly explained nonconstitutional rights * * *." *Clark* at ¶ 31. If the trial court does not substantially comply with Crim.R. 11, the appellate court must determine whether the trial court *partially* complied (e.g., by mentioning—but not explaining—a nonconstitutional right), or completely *failed* to comply with the rule. *Id.* at ¶ 32. If the judge completely failed to comply with the rule, the plea must be vacated. *Id.* On the other hand, if the

6.

judge partially complied with the rule, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *Id.*

{¶ 15} In this case, the record shows that the trial court did not tell Willis (either orally or in writing) that his guilty plea was a complete admission of his guilt. The court, therefore, completely failed to comply with Crim.R. 11(E) because it did not inform Willis of the language contained in Crim.R. 11(B) regarding the effect of a guilty plea. Generally, where there is a complete failure to comply with Crim.R. 11—even if the right involved is a nonconstitutional right—the plea must be vacated. *Clark* at ¶ 32.

{¶ 16} But, there is a narrow exception to the general rule in instances where the trial court failed to inform the defendant of the effect of a guilty plea. In *Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at ¶ 14, the Supreme Court of Ohio recognized that a trial court's failure to inform the defendant of the effect of a guilty plea, specifically, is subject to a unique analysis because "[a] plea of guilty *is* a complete admission of guilt." (Emphasis sic.) That is, when a defendant affirmatively indicates that he or she is "guilty" of the charge, it is—necessarily and patently—a complete admission of guilt. In other words, "a complete admission of guilt" is more than just the *effect* of a guilty plea; it is the *very nature* of a guilty plea. For that reason, "a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." *Id.* at ¶ 19.

7.

**{¶ 17}** Here, Willis did not assert his actual innocence at the plea hearing. We therefore assume that he subjectively understood that he was completely admitting his guilt by pleading guilty. *Id.*; *see also Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 54 (any error by the trial court in failing to inform the defendant of the effect of his guilty plea is presumed to be nonprejudicial); *State v. Wright*, 6th Dist. Wood No. WD-10-043, 2011-Ohio-3609, ¶ 8 (where the defendant did not assert his innocence at plea hearing, "[h]e is presumed * * * to have understood that a plea of guilty is a complete admission of guilt and to have suffered no prejudice."). Practically speaking, this means that we also assume that the trial court *partially* complied (rather than failed to comply) with Crim.R. 11(E), and we will not invalidate his guilty plea absent a showing of prejudice. [2]

**{¶ 18}** But, the analysis is also somewhat different here because we begin with a presumption that Willis was not prejudiced by the trial court's actions, and Willis bears the burden of overcoming this presumption and demonstrating prejudice. To determine

---

[2] We distinguish the instant case from cases in which a trial court fails to inform the defendant of the effect of a *no contest* plea, which we have found results in an invalid plea without a demonstration of prejudice. *See, e.g., State v. Williams*, 6th Dist. Lucas No. L-17-1064, 2018-Ohio-1000; *State v. Whitfield*, 6th Dist. Lucas No. L-17-1083, 2018-Ohio-667. We find that there is good reason to differentiate between the two types of pleas given that the effect of a no-contest plea is not as self-evident as the effect of a guilty plea. Moreover, we view the Supreme Court's analysis in *Griggs* and *Jones* as specific to the inherent nature of guilty pleas as a "complete admission of guilt." *But see State v. Mays*, 8th Dist. Cuyahoga No. 99150, 2013-Ohio-4031, ¶ 12 (extending the presumption in *Griggs* to no-contest pleas without recognizing the distinction between pleas of guilty and no contest).

whether Willis has demonstrated prejudice, we review the totality of the circumstances to determine "'whether the plea would have otherwise been made.'" *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32, quoting *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

{¶ 19} On appeal, Willis argues that he would not have pleaded guilty if he had known that he was forfeiting the right to challenge, on appeal, the trial court's denial of his motion to dismiss on speedy trial grounds. In support, he relies upon his prior appellate counsel's assignment of error relating to the trial court's decision on his motion to dismiss, which we found was not well-taken in light of his guilty plea. *Willis*, 6th Dist. Wood No. WD-16-048, 2017-Ohio-8924, at ¶ 7. But the mere fact that his appellate counsel subsequently attempted to assert a nonviable assignment of error does not in any way demonstrate that Willis, at the time of the plea hearing, did not subjectively understand that his guilty plea was a "complete admission of guilt"—which, again, we presume to be the case.

{¶ 20} Moreover, upon review of the record, we find that the transcript of the plea hearing indicates that Willis affirmatively confirmed his understanding of his plea agreement with the state. And, before he entered his guilty plea, Willis agreed that the state's recitation of facts was "what happened." Most importantly, Willis did not assert at the plea hearing that he intended to challenge the trial court's denial of his motion to dismiss on appeal. *See Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 53-54 (where the appellant, following a guilty plea, alleged that he was not aware that

9.

by pleading guilty he was forfeiting the right to challenge the constitutionality of the relevant domestic violence statute on appeal, the Supreme Court found no prejudice because, among other things, the appellant "never asserted at the hearing that he wished to pursue the constitutional issue on appeal.").

{¶ 21} Thus, based on the totality of circumstances, we find that Willis does not overcome the presumption that, because he did not assert his actual innocence at the plea hearing, he subjectively understood that his guilty plea was a "complete admission of guilt." We find his assignment of error not well-taken.

### III. Conclusion

{¶ 22} Based on the foregoing, we find that Willis was not prejudiced by the trial court's failure to inform him of the effect of his guilty plea pursuant to Crim.R. 11(E). We further find that appellate counsel was not ineffective, and we confirm our prior judgment under App.R. 26(B)(9).

{¶ 23} Willis is ordered to pay the costs of this appeal pursuant to App.R. 24(A).

Judgment confirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

Arlene Singer, J. _____

Christine E. Mayle, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.