[Cite as *State v. Myers*, 2021-Ohio-3061.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

STATE OF OHIO

APPELLEE

V.

BENJAMIN KEITH MYERS

APPELLANT

COURT OF APPEALS NO. {48}L-20-1166

TRIAL COURT NO. CR0201902127

**DECISION AND JUDGMENT**

Decided: September 3, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Padraic A. McClure, Assistant Prosecuting Attorney, for appellee.

Robert P. Soto, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Benjamin K. Myers, appeals the September 18, 2020

judgment of the Lucas County Court of Common Pleas which, following appellant's no

contest plea to attempted violation of a protection order, sentenced him to 180 days of incarceration. Because we find no error, we affirm.

{¶ 2} On June 28, 2019, appellant was indicted on one count of violation of a protection order, R.C. 2919.27(A)(1), (B)(3), a fifth-degree felony. Appellant entered a not guilty plea. After several trial continuances, including those necessitated by the COVID-19 pandemic and lockdown beginning in March 2020, appellant, on July 14, 2020, entered a no contest plea to attempted violation of a protection order. A presentence investigation report was ordered.

{¶ 3} At the September 2, 2020 sentencing, appellant made an oral motion to withdraw his plea. The matter was continued for a hearing. At the September 17, 2020 motion hearing, the following evidence was presented. Appellant testified that he had three main reasons he desired to withdraw his plea. First, appellant claimed that there was no tangible incentive for him to enter the plea and that by agreeing to the plea it would demonstrate his lack of competence. Second, that the state wanted him to enter the plea without producing the victim/witness. And finally, appellant stated that he wished to assert his right to a speedy trial.

{¶ 4} During cross-examination, appellant failed to divulge any type of defense to the charge. Appellant also acknowledged that during the plea colloquy he answered affirmatively to the questions posed regarding nature of his plea.

{¶ 5} Ruling on the motion, the court reviewed the docket noting that appellant had requested several continuances. The court first found that the state would be

2.

prejudiced as the victim, who lives out of town, appeared for trial on two occasions where the trial did not go forward due to appellant's failure to appear or request for a continuance. Next, the court determined that when he entered his plea appellant was represented by competent counsel and was afforded a full Crim.R. 11 hearing during which he affirmatively indicated that he understood the charges and the penalties he was facing. The trial court then denied the motion finding that appellant did not have a legitimate basis, other than a change of heart, to withdraw his plea. Appellant was immediately sentenced and this appeal followed with the assertion of the following three assignments of error:

> **First Assignment of Error**: The trial court abused its discretion and committed reversible error when it refused to grant the defendant's presentence motion to withdraw his no contest plea despite evidence to the contrary.

> **Second Assignment of Error**: The trial court abused its discretion and committed reversible error in accepting the defendant's plea despite clear evidence that it was not accepted voluntarily, knowingly, and intelligently.

> **Third Assignment of Error**: The trial court violated appellant's speedy trial rights.

{¶ 6} Appellant's first assignment of error asserts that the trial court abused its discretion when it denied his presentence motion to withdraw his no contest plea.

3.

Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a motion to withdraw a guilty plea is to be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). However, the *Xie* court indicated that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. Rather, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* Further, "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus. Accordingly, in order to find that the trial court abused its discretion, a reviewing court must find that the court's ruling was "unreasonable, arbitrary or unconscionable." *Id.* at 527. "Abuse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶ 7} In determining whether a presentence motion to withdraw a plea should have been granted, an appellate court should consider:

> (1) [W]hether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4)

4.

whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime.

*State v. Eversole*, 6th Dist. Erie Nos. E-05-073, E-05-076, E-05-074, E-05-075, 2006-Ohio-3988, ¶ 13, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995).

{¶ 8} Upon review of the trial court's findings and the relevant case law, we find that the trial court did not abuse its discretion when it denied appellant's presentence motion to withdraw his plea. Appellant was afforded a hearing on the motion and was represented by competent counsel, appellant's reasons for requesting the withdrawal were analyzed by the court, appellant failed to assert a defense to the charge, and the state presented evidence of prejudice had the motion been granted. Accordingly, appellant's first assignment of error is not well-taken.

{¶ 9} Appellant's second assignment of error argues that the trial court erred by accepting his plea where there was clear evidence that it was not voluntary, knowing, and intelligent. Appellant entered a plea of no contest to attempted violation of a protection order, R.C. 2923.02 and 2919.27(A)(1), (B)(3), a first-degree misdemeanor with a maximum sentence of 180 days. Thus, the charge for which appellant was entering a

5.

plea was considered a petty misdemeanor under Crim.R. 2(C), (D). The trial court was required to comply with Crim.R. 11(E) and ensure that appellant understood the effect of his no contest plea. *See State v. Willis*, 6th Dist. Wood No. WD-16-048, 2019-Ohio-1182 at ¶ 11, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph two of the syllabus.

{¶ 10} Reviewing the transcript of the proceedings and the plea form, it is apparent that the court complied with Crim.R. 11(E). In fact, the court engaged in a full Crim.R. 11 plea colloquy ascertaining that appellant could understand the English language, was not under the influence of drugs or alcohol, was satisfied with counsel, was not forced to enter the plea, was aware of the potential sentences and fines and the effect it may have on appellant's misdemeanor probation, was giving up his right to trial, and that a no contest plea was not an admission of guilt but that appellant would not contest the charges or proffer by the state as to what the evidence would have shown had the case proceeded to trial, and that he was a United States citizen.

{¶ 11} Appellant acknowledges this but claims that the court "disregarded" the circumstances surrounding the plea. Specifically, the fact that appellant "grudgingly" accepted the plea and maintained his innocence. At the July 14, 2020 plea hearing the following exchange took place:

THE COURT: Did anyone force you to enter this plea?

THE DEFENDANT: I mean, having to come – it's been like a war of attrition. I mean, I've had to make six appearances. I mean, it's slowly

6.

bankrupted me or slow motion bankruptcy. I mean, it's not – I mean, at some point you can't fight any more.

THE COURT: Well, you have the right to take this matter to trial, and if that's what you want to do, you do not have to accept the plea. Do you understand that?

THE DEFENDANT: I do.

THE COURT: And are you telling me that you would like to go forward with the plea this morning?

THE DEFENDANT: With great reluctance.

THE COURT: Well, I don't want you to reluctantly accept this plea, I want it to be voluntary.

THE DEFENDANT: I—I mean, there's very – there's a huge power despair. There's a huge difference in power, how can it be voluntary? It's not like –

THE COURT: I don't understand what you mean, there's a huge difference in power? You have a Constitutional right to go to trial, and if that's what you tell me you want to do, that's what we will do.

THE DEFENDANT: I'll take the plea, Your Honor.

THE COURT: Are you sure you want to do that?

THE DEFENDANT: I don't want to, but I will.

THE COURT: Well, tell me why you don't want to but you're going to do it.

THE DEFENDANT: I'm not convinced that the State can make its case.

{¶ 12} A discussion then ensued regarding the state's burden at trial, possible penalties if convicted, and the state's plea offer. Thereafter, appellant accepted the plea offer as follows:

THE DEFENDANT: I will accept the State's offer.

THE COURT: And so you are telling me that you are voluntarily accepting the State's offer?

THE DEFENDANT: Yes, your honor.

THE COURT: And you're doing this knowingly?

THE DEFNEDANT: I'm doing it knowingly, Your Honor.

{¶ 13} Reviewing the extensive discussions appellant participated in prior to the court accepting his plea, we find that it demonstrates that appellant, after being fully informed of his rights and the penalties he was facing, knowingly, intelligently and voluntarily entered the plea. Appellant's second assignment of error is not well-taken.

{¶ 14} In his third and final assignment of error, appellant argues that his constitutional right to a speedy trial was violated. Appellant asserts that his plea was not accepted until well beyond the January 11, 2019 deadline marking 270 days following his arrest. Conversely, the state argues that because the delay was caused by appellant's

8.

multiple requests for continuances (and the COVID-19 pandemic), the time was not charged against the state.

{¶ 15} Pursuant to R.C. 2945.71:

> (C) A person against whom a charge of felony is pending:
>
> (1) Notwithstanding any provisions to the contrary in Criminal Rule 5(B), shall be accorded a preliminary hearing within fifteen consecutive days after the person's arrest if the accused is not held in jail in lieu of bail on the pending charge or within ten consecutive days after the person's arrest if the accused is held in jail in lieu of bail on the pending charge;
>
> (2) Shall be brought to trial within two hundred seventy days after the person's arrest.

Further, each day in confinement "in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).

{¶ 16} Under R.C. 2945.72, the time by which an accused must be brought to trial may be tolled under a variety of circumstances, including:

> (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
>
> (D) Any period of delay occasioned by the neglect or improper act of the accused;

9.

* * *

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion; * * *.

{¶ 17} The docket in this case reveals the following timeline. Appellant was arrested on May 4, 2019, and released on May 10, 2019. The six days counted as 18 under the "triple count" provision in R.C. 2945.71(E). On June 28, 2019, appellant was indicted and his arraignment was scheduled for July 17; the matter was continued at appellant's request so he could obtain counsel (7 days tolled). Appellant was arraigned on July 24, and the trial date was set for September 3, 2019.

{¶ 18} On September 3, 2019, appellant failed to appear for trial (1 day tolled); he appeared on September 4, and at appellant's request the trial was reset for October 1, 2019 (26 days tolled). At the request of appellant, on October 1, the trial date was rescheduled for November 5 (35 days tolled). On November 5, the trial date was again rescheduled for January 21, 2020 (77 days tolled). On January 21, appellant failed to appear for trial but was present in court the next day (1 day tolled). On January 22, the

10.

trial was rescheduled for March 3, 2020 (41 days tolled). On March 3, at appellant's request, the matter was rescheduled for April 28, 2020 (56 days tolled).[1]

{¶ 19} Due to the COVID-19 pandemic and tolling order under Am Sub H.B. 197, Sec. 22(A)(3), the court, on March 27, 2020, rescheduled the April 28 trial for June 2, 2020. The June date was then rescheduled for July 14, which is when appellant finally entered his plea.

{¶ 20} Including the triple-count days from May 4, through May, 10, 2019, the total number of days from appellant's arrest until his plea is 448. According to the court's docket, 244 of the days were tolled due to either the actions of or by the request of appellant. Thus, even if we counted the days properly delayed due to state mandate and corresponding court order, the matter was still timely concluded in 204 days. Appellant's third assignment of error is not well-taken.

{¶ 21} On consideration whereof, we find that the September 18, 2020 judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

---

[1]We note that although the April 28, 2020 court date was ultimately extended by the court on March 27, appellant, by initially requesting and acquiescing to the date, should be charged the time.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.


| Mark L. Pietrykowski, J. | [[Applied Signature]] |
| | JUDGE |

| Thomas J. Osowik, J. | [[Applied Signature 2]] |
| | JUDGE |

| Myron C. Duhart, J. | [[Applied Signature 3]] |
| CONCUR | JUDGE |


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

12.