[Cite as *State v. Doster*, 2025-Ohio-1988.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | JUDGES: | |
| | : | Hon. Andrew J. King, P.J. | |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. | |
| | : | Hon. Kevin W. Popham, J. | |
| -vs- | : | | |
| | : | | |
| TRACY DOSTER, | : | Case No. 2024 CA 0039 | |
| | : | | |
| Defendant - Appellee | : | O P I N I O N | |


CHARACTER OF PROCEEDING:    Appeal from the Richland County
Court of Common Pleas, Case No.
2024 CR 0060N


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    June 2, 2025


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JODIE SCHUMAKER                    MICHAEL L. BROWN
Richland County Prosecuting Attorney    805 E. Washington St., Suite 220
38 South Park Street                    Medina, OH  44256
Mansfield, OH  44902

*Montgomery, J.*

**{¶1}** Defendant-Appellant, Tracy Doster ("Appellant") appeals from the judgment of the Richland County Court of Common Pleas after pleading guilty to one count of burglary and one count of misdemeanor theft, in case number 2024-CR-060. For the reasons set forth in this opinion, we affirm.

### STATEMENT OF THE CASE AND RELEVANT FACTS

**{¶2}** In January 2024, Defendant-Appellant, Tracey Doster ("Appellant"), was indicted on two counts in case 2024-CR-060, Count One: Burglary, a felony of the second degree, pursuant to R.C. 2911.12(A)(2), Count Two: Misdemeanor Theft, a misdemeanor of the first degree, pursuant to R. C. 2913.02(A)(I). He was also indicted on four counts in case 2023-CR-682 in September 2023.[1] The charges in 2024-CR-060, subject of this appeal, stem from Appellant's actions on July 18, 2023. On that day, Appellant entered the victim's home through the back door while the victim was in the home, and stole the victim's wallet containing credit cards, a social security card, and various family photos. Appellant originally pled not guilty.

**{¶3}** On April 11, 2024, a change of plea hearing took place for both cases. Attorney Davis, who was appointed to represent Appellant in case 2023-CR-682, acted as substitute counsel for Attorney Zushin, who was appointed to represent Appellant in case 2024-CR-060. Attorney Zushin was ill on the date of the change of plea hearing, but he discussed the case and provided information about the plea agreement to Attorney

---

[1] In Case 2023-CR-682, Appellant was charged with various counts. Although Case 2023-CR-682 is NOT subject to this appeal, it is simply relevant because Appellant's court-appointed counsel for that case substituted for Attorney Zushin, court-appointed counsel for 2024-CR-060 and the change of plea hearings (not sentencing) for both cases occurred on the same day.

Davis so Attorney Davis could properly act on Attorney Zushin's behalf. Attorney Davis reviewed the Admission of Guilt/Judgment Entries with Appellant, and Appellant initialed and signed the documents. Appellant pled guilty to count one in case 2023-CR-682. Counts two, three, and four in case 2023-CR-682 were dismissed. Appellant pled guilty to both counts in case 2024-CR-060.

{¶4} Approximately six weeks later, on May 30, 2024, the court held a sentencing hearing. The court heard from Attorney Zushin and Appellant concerning mitigating factors, including Appellant's attempt at rehabilitation, letters in support of Appellant, and Appellant's background and education. The court also heard from the State and the burglary victim. The victim spoke about the lasting effects from the burglary stating, "[s]ince the burglary of my home, as much as my wife and I would like to relax and enjoy our home, we still live with a certain amount of fear. My wife has been traumatized. * * * But more important to me, neither my grandchildren nor the rest of my family feel comfortable staying at my house. * * * Not just a wallet was stolen, but social security card, precious photos that cannot be replaced. I have had my credit score affected and spent months dealing with credit card companies over fraudulent charges." *Sentencing Transcript (Sent. Tr.)*, p. 11.

{¶5} The court sentenced Appellant to four to six years in prison in case 2024-CR- 060 (to run concurrently with six months in prison in case 2023-CR-682). The court also imposed mandatory post-release control of eighteen months up to three years and ordered Appellant to pay $75 in restitution.

## ASSIGNMENTS OF ERROR

**{¶6}** "I.  APPELLANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE."

**{¶7}** "II.  APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN ENTERING HIS PLEA."

**{¶8}** "III. APPELLANT'S SENTENCE IS CONTRARY TO LAW."

## ANALYSIS

### Guilty plea

**{¶9}** In the first assignment of error, Appellant claims his plea was not knowingly, intelligently and voluntarily made because his court-appointed counsel, Attorney Zushin, was not present at the plea hearing due to illness, and he was instead represented by Attorney Davis.  We disagree.

**{¶10}** An indigent defendant has a right to counsel but does not have the right to counsel of "choice". *State v. Lane,* 2020-0hio-6798 (3rd Dist.); *Daniels v. Lafler,* 501 F.3d 735 (6th Cir. 2007) (stating that an indigent defendant had no choice-of-counsel right, and thus trial court's removal of defendant's originally appointed defense counsel with new counsel did not violate any such right); *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 624 (1989) (the right to counsel does not guarantee that a criminal defendant will be represented by a particular attorney); *United States v. Iles,* 906 F.2d 1122, 1130 (6th Cir.1990) (noting that an indigent defendant does not have the right to have a particular attorney represent him). Here, Appellant was properly represented by court-appointed counsel at the change of plea hearing.  Thus, we must address whether the guilty plea complied with Crim. R. 11 and was valid in all other respects.

**{¶11}** When reviewing a plea's compliance with Criminal Rule 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron,* 2020-Ohio-1507, ¶ 9 (8th Dist.); *State v. Groves,* 2019-Ohio-5025, ¶ 7 (5th Dist.). Recently, this Court stated:

> The entry of a guilty plea is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. See *Machibroda v. United States*, 368 U.S. 487 (1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *State v. Hinkle*, 2024-Ohio-5499, ¶¶ 24-25 (5th Dist.), *appeal not allowed,* 2025-Ohio-857, citing *United States v. Broce*, 488 U.S. 563, 570 (1989).

**{¶12}** As such, guilty pleas must be knowingly, intelligently and voluntarily made for the plea to be valid. *Hinkle*, ¶¶ 24-25. Relevant here, Crim. R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim. R. 43(A) and doing all of the following:
>
> (a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty

involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶13} Thus, the constitutional rights that a trial judge must advise a defendant before accepting a guilty plea are: (1) the right to a jury trial; (2) the right to confront the witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself.  *State v. Veney*, 2008-Ohio-5200, ¶ 31. If the trial court fails to strictly comply with these requirements, a defendant's plea is invalid. *Id.*

{¶14} The non-constitutional rights that the defendant must be informed of include: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment

and sentencing. Crim. R. 11(C)(2)(a)(b); *Veney*, ¶¶ 10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶¶ 19-26.

**{¶15}** For non-constitutional rights, the trial court must "substantially comply", provided no prejudicial effect occurs before a guilty plea is accepted. *State v. Stewart*, 51 Ohio St.2d 86 (1977); *State v. Nero*, 56 Ohio St.3d 106 (1990); *State v. Schultz*, 2013-Ohio-2218 (5th Dist.). Substantial compliance means that, under the totality of the circumstances, a defendant subjectively understands the implications of his plea and the rights he is waving. *State v. Hendershot,* 2017-Ohio-8112, ¶¶ 26-27 (5th Dist.); *Hinkle,* ¶¶ 24-25 (stating the trial court need only "substantially comply" with the rule when dealing with the *non-constitutional* elements of Crim. R. 11(C)), citing *State v. Ballard*, 66 Ohio St.2d 473, 475 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977). A defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim. R. 11(C)(2)(a) and (b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney,* ¶ 15; *Stewart* at 93.

**{¶16}** In the present case, the record reveals the court first determined that Appellant had sufficient education and ability to understand the proceedings, that Appellant was of sound mind, and that Appellant did not take any medications or otherwise that would affect his ability to understand. *Change of Plea Transcript (Tr.),* p. 7. The court inquired whether Appellant was making the plea knowingly, intelligently, and voluntarily. *Tr.,* pp. 7, 28. Attorney Davis discussed the details of the plea agreement with Attorney Zushin and relied upon the information given to him by Attorney Zushin. *Tr.*, p. 5. Attorney Davis reviewed the Admission of Guilt/Judgment Entries with Appellant and

Appellant initialed and signed those documents. *Tr.,* p. 27. The court asked Attorney Davis, "are you satisfied any pleas that Mr. Doster enters into today would be ones knowingly, voluntarily, and intelligently given of his own volition?" *Tr.,* p. 28. Mr. Davis replied, "[y]es." *Id.* A written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent. *State v. Turner*, 2005-Ohio-1938, ¶ 25; *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *see also, North Carolina v. Butler*, 441 U.S. 369, 374-375 (1979) (Reviewing a suspect's waiver of *Miranda* rights); *State v. McKnelly*, 2024-Ohio-2696, ¶ 29 (5th Dist.).

{¶17} The court also asked Appellant numerous times if he was sure he wanted to proceed with the guilty plea. *Tr.*, p. 10. ("If you don't want to plea, you don't have to plea. That's your call. I am not going to force you to do that.") At one point the court stated as follows:

> The Court: Mr. Doster, I kind of see you as you being hesitant to do that at this time. Like I said, it is your right to go to trial. And you have that absolute right. You are guaranteed that right. I am not going to force you into a plea today. I am not. So if you want to plea, you let the court know that. If that's not what you want to do, then you don't need to be here right now.
>
> Mr. Doster: I will continue with the plea.
>
> The Court: Are you sure about that? I'm not going to move forward without knowing and being reassured that [that] is what you want to do, that is what you intend to do.
>
> Mr. Doster: Yeah.
>
> The Court: Ready to go forward then?

Mr. Doster: (Nods his head.)

*Tr.*, p. 12.

**{¶18}** Despite the court repeatedly asking Appellant if he was hesitant to enter a plea or if he wished to change his mind, Appellant chose to go forward. Appellant stated he was satisfied with the help he received from both Attorney Zushin and Attorney Davis. *Tr.*, p. 28. He may not now complain that his plea was not knowing and voluntary simply because Attorney Zushin was not present. A party may not take advantage of an error that he himself invited or induced the trial court to make. *Dunham v. Dunham*, 2007-Ohio-1167, ¶ 21, citing *Ctr. Ridge Ganley, Inc. v. Zinn*, 31 Ohio St.3d 310, 313 (1987); *State v. Reeder,* 2025-Ohio-110, ¶¶ 12-13 ("The invited-error doctrine precludes a litigant from making an affirmative and apparent strategic decision at trial and then complaining on appeal that the result of that decision constitutes reversible error); *State v. Savage*, 2015-Ohio-4205, ¶ 18 (4th Dist.).

**{¶19}** Likewise, the court conducted a thorough and proper Crim. R. 11 colloquy with Appellant and Attorney Davis. The court informed Appellant of his right to a jury trial, his right to confront witnesses, and his right to remain silent. Appellant replied that he understood these rights. *Tr.*, pp. 12-14. The court informed Appellant of the compulsory process for obtaining witnesses and the ability to require the state to prove his guilt beyond a reasonable doubt. *Tr.*, pp. 13-14. The court then informed Appellant regarding the nature of the charges against him, the maximum penalties involved and further addressed probation and post release control. Appellant stated that he understood what the court was explaining and wished to proceed with his guilty plea. *Tr.*, pp. 14-19, 29. Because the record demonstrates the judge strictly complied with all the requirements of

Criminal Rule 11, we conclude that Appellant's guilty plea was knowingly, voluntarily, and intelligently made.  The first assignment of error is overruled.

### Ineffective assistance of counsel

**{¶20}** In the second assignment of error, Appellant contends that because his court-appointed counsel was not present at the change of plea hearing, and because Appellant did not expressly consent to Attorney Davis' substitution, he received ineffective assistance of counsel. Appellant claims he expressed reluctance to change his plea because he had not had discussion with his counsel. Appellant's claim is without merit.

**{¶21}**  The standard of review for ineffective assistance of counsel was set forth in the seminal case of *Strickland v. Washington,* 466 U.S. 668 (1984), and was discussed by this court in *Mansfield v. Studer,* 2012-Ohio-4840 (5th Dist.):

A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364 (1993); *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989). In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance,* 556 U.S. 111 (2009).

In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal

defendant", the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances". *Strickland* at 689. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland* at 689.

*Studer,* ¶¶ 58-61.

**{¶22}** Thus, to prevail on an ineffective assistance of counsel argument, Appellant must establish two prongs: first, that his trial counsel's performance fell below an objective standard of reasonable representation involving a "substantial violation" of an essential duty to Appellant. *Studer,* ¶¶ 58-61. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.*; *Strickland* at 687. Second, Appellant must demonstrate actual prejudice by such alleged ineffectiveness. In other words, there must be a reasonable probability that *but for* counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland* at 691-696. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment. *Strickland* at 690.

**{¶23}** As set forth above in the first assignment of error, Appellant – an indigent defendant - does not have the right to "specific" counsel. *Iles,* 906 F.2d at 1130. Further, "[i]t is clear that a plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary." *State v. Barnett,* 73 Ohio App.3d 244 (1991). Appellant's plea was knowingly and voluntarily made. There are no facts in the record to suggest that with advice from Attorney Zushin, or absent advice from

Attorney Davis, Appellant would not have entered a guilty plea.  Appellant stated that he was satisfied with the help he received from both Attorney Zushin and Attorney Davis.  Appellant's argument on appeal is mere conjecture and falls far short of establishing actual prejudice by any such alleged ineffectiveness.

{¶24}  Moreover, it is certainly not unreasonable to be absent due to illness.  Attorney Zushin acted appropriately and with due diligence by obtaining substitute counsel, ensuring that his client was represented at the change of plea hearing, and informing said counsel of the terms of the plea agreement prior to the change of plea hearing.  Attorney Zushin was present at the subsequent sentencing hearing and argued on behalf of Appellant prior to sentence being imposed.  Because Appellant fails to demonstrate counsel's ineffectiveness, Appellant's second assignment of error is overruled.

### *Sentencing*

{¶25}  Appellant's third assignment of error claims that his sentence is contrary to law claiming the trial court did not consider the principles and purposes of sentencing in R.C. 2929.11 or the sentencing factors in 2929.12.  Appellant's claim is without merit.

{¶26}  The appropriate standard of review on appeals challenging a sentence is set forth in R.C. 2953.08. *State v. Bonnell,* 2014-Ohio-3177, ¶ 9; *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.).  A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4).  An appellate court may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find

that either the record does not support the sentencing court's findings, or the sentence is otherwise contrary to law.  R.C. 2953.08(G)(2); *Bonnell,* ¶ 28.  Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence", but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Marcum,* ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶27}** When sentencing a defendant, the sentencing court must consider the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.  A sentence is contrary to law if (1) the sentence falls outside the statutory range for the specific offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing.  *Marcum*, ¶ 16.

**{¶28}** R.C. 2929.11(A) provides that a felony sentence shall be "reasonably calculated" to achieve three "overriding purposes": (1) protect the public from future crime by the offender and others; (2) punish the offender; and (3) promote the effective rehabilitation of the offender using the minimum sanctions without unnecessary burden on state or local resources. Additionally, the sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders". R.C. 2929.11(B).

**{¶29}** Additionally, R.C. 2929.12 sets forth a non-exhaustive list of factors that a trial court must consider when determining the seriousness of the offender's conduct and the likelihood of recidivism, such as whether the victim suffered serious physical harm

from the offense, the offender's criminal history, whether the offender has demonstrated remorse, and any other factors relevant to achieving the purposes and principles of sentencing.

**{¶30}** Here, on May 30, 2024, the sentencing hearing took place. The court heard from Attorney Zushin and Appellant regarding mitigating factors, including Appellant's attempt at rehabilitation, letters in support of Appellant, and his education. The court also heard from the state and the burglary victim. The victim provided a statement about the long-lasting effects the burglary had on not only him, but also his wife, the neighbors, and his financial status. *Sent. Tr.,* pp. 3-14. The court considered the presentence investigation report, Appellant's lengthy criminal history, Appellant's likelihood of recidivism based on his "risk assessment", his behavior while on pretrial supervision, and the fact that Appellant relapsed multiple times while on bond and left treatment without permission. *Sent. Tr.*, pp. 15-17.[2]

**{¶31}** The court stated:

You have an education and yet you don't put it to use. Instead, you continued with your substance abuse. And I know it's an addiction and I know that it's an illness and a disease. Sooner or later you have to take responsibility for what you have done.

The fact of the matter is this is repeated behavior. This is nothing new. This is not a one-off. You continually [do] the same things over and over. You victimize people. You have a problem. They don't. But you bring your

---

[2] Appellant had a 1994 case out of Erie County, a 2005 case out of Franklin County, a 2008 case out of Erie County, a 2010 case out of Richland County, and a 2015 case in Richland County and Ashland County.

problems to them, and now they have issues. They have to sit in fear in their homes. * * *

And for me not to give you a prison sentence here would totally demean the seriousness of this offense. You went into somebody's home. You violated that home. You stole from Dairy Land claiming to be some kind of a little league coach or something, some program. You conned them out of a check. I just don't understand how you can do that with a clear conscience. And remorse today just doesn't cut it at this point. It just doesn't. This is repeated behavior. * * * And you victimize people that have no business being victimized.

*Sent. Tr.,* pp. 16-18.

**{¶32}** Additionally, in its May 31, 2024, sentencing entry, the court expressly states that it considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. After reviewing the entire record, we conclude the trial court fully complied with its statutory duties in sentencing Appellant and conducted the appropriate analysis in sentencing Appellant. The court was thorough and thoughtful, giving appropriate weight to Appellant's mitigating factors while noting his lack of success at rehabilitation and the constant repeat of similar behaviors. Because the record supports the sentence imposed, Appellant's third assignment of error is overruled.

## CONCLUSION

{¶33} Appellant's first, second, and third assignments of error are overruled.  The judgment of the Richland County Court of Common Pleas is affirmed in all respects.

By: Montgomery, J.

King, P.J. and

Popham, J. concur.