**[Cite as *State v. Terry*, 2026-Ohio-589.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio/City of Huron                     Court of Appeals No. E-25-020, E-25-021

    Appellee                                     Trial Court No. CRB2500042, CRB2500033

v.

                      **DECISION AND JUDGMENT**

Joel L. Terry, IV

                      Decided: February 20, 2026

    Appellant

* * * * *

Andrea F. Rocco, Esq, Prosecutor, City of Huron, and
Jeffrey S. Moeller, Esq., for appellee

Adam M. VanHo, Esq., for appellant

* * * * *

**MAYLE, J.**

**{¶ 1}** In this consolidated appeal, appellant, Joel Terry IV, appeals the May 2, 2025 decisions of the Huron Municipal Court sentencing him for two violations of R.C. 2919.27(A)(1). For the following reasons, we affirm.

## I. Background and Facts

{¶ 2} This appeal involves two cases.  In the first case, case No. CRB2500033 ("case 033"), Terry was charged by complaint on February 20, 2025, with a violation of R.C. 2919.27(A)(1), a first-degree misdemeanor.  On February 25, 2025, Terry signed a document in case 033 titled "YOUR RIGHTS IN COURT," which informed him that "[t]he plea of guilty is a complete admission of guilt."  In the second case, case No. CRB2500042 ("case 042"), Terry was charged by complaint on March 4, 2025, with another violation of R.C. 2919.27(A)(1), also a first-degree misdemeanor.

{¶ 3} Terry agreed to pleaded guilty to both charges.  At his plea hearing, Terry's attorney told the trial court that Terry "would waive reading of the report or explanation of circumstances and stipulate there are facts sufficient for a finding of guilt."  The court then asked Terry if he (1) had discussed the pleas with his attorney, (2) was pleading guilty voluntarily and of his own freewill, (3) understood that he was waiving his right to a jury trial and that the state bore the burden of proving his guilt beyond a reasonable doubt, (4) understood his rights to subpoena and cross-examine witnesses, (5) understood his rights to testify and remain silent, (6) understood the immigration consequences if he was not a United States citizen, and (7) "need[ed] time to think about those matters . . . ."  The trial court did not advise him that a guilty plea was a complete admission of his guilt.  After informing Terry of these matters, the court found him guilty and set the case for sentencing.

{¶ 4} At the sentencing hearing, in case 033, the trial court sentenced Terry to 180 days in jail, with 56 days suspended and credit for four days served, two years of

2.

probation, a fine, court costs, and a no-contact order with the victim.  In case 042, the court sentenced Terry to 180 days in jail, all suspended, two years of probation, a fine, court costs, and a no-contact order with the victim.

{¶ 5} Terry now appeals, raising one assignment of error.

APPELLANT'S PLEA IS INVALID AS THE TRIAL COURT FAILED TO COMPLY WITH THE OHIO RULES OF CRIMINAL PROCEDURE.

## II. Law and Analysis

{¶ 6} In his assignment of error, Terry argues that the trial court failed to conduct a thorough plea colloquy before accepting his guilty pleas.  He contends that the court should have (1) asked him if he had been threatened or forced into pleading, (2) asked him if he was under the influence of drugs or alcohol, (3) asked him if the signature on the plea documents was his, (4) advised him that his plea of guilty "was a complete admission of the truth of the facts asserted," (5) advised him of the penalties for first-degree misdemeanors, (6) found that his pleas were made knowingly, intelligently, and voluntarily, and (7) informed him that the offenses he pleaded to were enhanceable and that future violations of a protection order would be felonies.  Because "there was no meaningful discussion or dialogue between the court and [Terry,]" he contends that his plea colloquy was inadequate.  The City responds that Terry pleaded guilty to petty offenses, so all the trial court needed to do was inform him of the effect of the plea of guilty.  If the trial court failed to do so, Terry must show that he was prejudiced by the trial court's failure to have his plea vacated, which he cannot do.  Additionally, the City, citing *State v. Kern*, 2015-Ohio-1988, ¶ 12 (6th Dist.), contends that Terry invited and

3.

waived any error in the plea colloquy when he waived reading of the report and waived an explanation of the circumstances underlying the charges.

{¶ 7} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). When an appellant argues on appeal that his plea was not knowing, voluntary, and intelligent and seeks to vacate his plea because of the trial court's failure to comply with Crim.R. 11, "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *State v. Dangler*, 2020-Ohio-2765, ¶ 17. Unless the trial court completely fails to comply with a portion of Crim.R. 11(C)—e.g., by failing to mention mandatory postrelease control, *State v. Sarkozy*, 2008-Ohio-509, ¶ 22—the appellant is required to show prejudice to have his plea vacated. *Dangler* at ¶ 13-16.

{¶ 8} In this case, the offenses Terry was charged with were first-degree misdemeanors punishable by a maximum of 180 days confinement. Thus, they were petty offenses. *See* Crim.R. 2(C), (D). Before a trial court may accept a plea of guilty to a petty offense, it must comply with the provisions of Crim.R. 11(E). Under that rule, "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." *Id.* "In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant

4.

*only* of the effect of the specific plea being entered." (Emphasis added.) *State v. Jones*, 2007-Ohio-6093, paragraph one of the syllabus. "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *Id.* at paragraph two of the syllabus. Crim.R. 11(B)(1) explains that "[t]he plea of guilty is a complete admission of the defendant's guilt." The court may give this explanation orally or in writing, and it may give the information to the defendant at or before the plea hearing. *Jones* at ¶ 51; *State v. Everson*, 2018-Ohio-323, ¶ 12 (6th Dist.). The court has no duty to explain the defendant's constitutional rights, discuss possible penalties, inform him that a conviction can be used to enhance future criminal charges, or provide any other information. *State v. McNamara*, 2024-Ohio-3317, ¶ 19 (5th Dist.), citing *State v. Watkins*, 2003-Ohio-2419, ¶ 25 ("[W]hen the underlying case involves misdemeanor offenses, a trial court is not required to inform the defendant of the constitutional rights he is waiving by pleading guilty."); *State v. Corradetti*, 2022-Ohio-1280, ¶ 28 (11th Dist.) ("there is no requirement that the trial court inform the defendant of the potential penalties" when accepting a plea to a petty offense); *State v. Brown*, 2023-Ohio-2537, ¶ 7 (4th Dist.) (citing cases; there is no duty to inform a defendant who is pleading guilty of the possible enhancement of sentences resulting from future crimes).

{¶ 9} As an initial matter, we disagree with the City's contention that Terry has invited or waived any error in the plea colloquy by waiving a reading of the report and an explanation of the circumstances underlying the charges. To support its position, the City cites to our decision in *Kern*, 2025-Ohio-1988, at ¶ 12 (6th Dist.). In *Kern*, the issue

5.

before us was whether the trial court erred by finding Kern guilty following his no-contest plea because there was insufficient evidence to support the trial court's finding of guilt. *Id.* at ¶ 5-6. Although the trial court did not provide an explanation of circumstances, as required by R.C. 2937.07, we determined that Kern invited any error and could not raise the issue of the sufficiency of the evidence supporting his conviction on appeal because he waived the R.C. 2937.07 explanation of circumstances at his plea hearing. *Kern* at ¶ 11-12. We did not—as the City claims—hold that waiving the explanation of circumstances also waives or invites any and all errors in the plea colloquy. Because our holding in *Kern* is not as broad as the City claims, we find that it is inapplicable to this case.

{¶ 10} Turning to Terry's arguments, the trial court informed Terry through a written explanation of rights that a guilty plea is a complete admission of his guilt in case 033, but there is no evidence in the record that it did so in case 042. This does not automatically require us to reverse Terry's guilty plea in case 042, however, because

> [i]n *[State v.] Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at ¶ 14, the Supreme Court of Ohio recognized that a trial court's failure to inform the defendant of the effect of a guilty plea, specifically, is subject to a unique analysis because "[a] plea of guilty *is* a complete admission of guilt." (Emphasis sic.) That is, when a defendant affirmatively indicates that he or she is "guilty" of the charge, it is—necessarily and patently—a complete admission of guilt. In other words, "a complete admission of guilt" is more than just the *effect* of a guilty plea; it is the *very nature* of a guilty plea. For that reason, "a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." *Id.* at ¶ 19.

6.

(Emphasis in original.) *State v. Willis*, 2019-Ohio-1182, ¶ 16 (6th Dist.). Thus, "by the very nature of the guilty plea, [Terry] understood that he was admitting his guilt." *State v. Hubbard*, 2025-Ohio-5604, ¶ 28 (6th Dist.). Therefore, the trial court did not completely fail to inform Terry of the effect of his guilty plea in case 042. *Id.*; *Willis* at ¶ 17.

{¶ 11} Because the trial court did not completely fail to inform Terry of the effect of his plea in case 042, Terry must show that he was prejudiced to have that plea reversed. *Dangler* at ¶ 16. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). The record does not show (and Terry does not argue) that he would not have entered his guilty plea in case 042 if the court had explicitly told him in that case that a guilty plea was a complete admission of his guilt. Therefore, Terry cannot show that the trial court's failure to fully comply with Crim.R. 11(B)(1) and (E) prejudiced him.

{¶ 12} Because the trial court complied with Crim.R. 11(B)(1) and (E) in case 033, and Terry has failed to show that the trial court's failure to fully comply with the rules in case 042 prejudiced him, Terry's assignment of error is not well-taken.

### III. Conclusion

{¶ 13} Based on the foregoing, the May 2, 2025 decisions of the Huron Municipal Court are affirmed. Terry is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

7.

| | |
|---|---|
| Christine E. Mayle, J | |
| | JUDGE |

| | |
|---|---|
| Myron C. Duhart, J | |
| CONCUR. | JUDGE |

| | |
|---|---|
| Gene A. Zmuda, J. | |
| CONCURS AND WRITES SEPARATELY. | JUDGE |

**ZMUDA, J.**

{¶ 14} I concur with the majority's decision affirming the trial court's judgment. I write separately, however, because I believe that appellant's failure to allege that he suffered prejudice as a result of his allegedly invalid guilty plea precludes our review as a matter of law.

{¶ 15} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *State v. Dangler,* 2020-Ohio-2765, ¶ 13, citing *State v. Perry,* 2004-Ohio-297. The Ohio Supreme Court has made two exceptions to the prejudice component of that rule in the criminal plea context. *Id.* at ¶ 14-15. The first exception applies "[w]hen a trial court fails to explain the

8.

constitutional rights that a defendant waives by pleading guilty or no contest[.]" *Id.* at ¶ 14. The second exception is when the record shows a "*complete* failure to comply with a portion of Crim.R. 11(C)." *Id.* at ¶ 15 (Emphasis in original). "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have [their] plea vacated unless [they demonstrate they were] prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16.

{¶ 16} Crim.R. 11(C), the rule that a trial court's failure to comply with exempts a defendant from showing prejudice from an invalid plea, is expressly limited to "pleas of guilty and no contest in *felony* cases." (Emphasis added.). As a result, these exceptions can only apply when a defendant enters a guilty plea to a felony offense. Here, appellant entered a guilty plea to two first-degree misdemeanors. He did not, as the majority notes, argue that he suffered any prejudice as a result of entering the allegedly invalid pleas. Since his misdemeanor offenses do not fall within the felony exceptions to the requirement to show that he suffered prejudice as a result of the claimed error, his argument fails as a matter of law. I would find his assignment of error not well-taken for this reason without any further analysis.

{¶ 17} Therefore, I concur with the majority's judgment but do not join in its finding that Terry's argument did not meet one of the inapplicable *Dangler* exceptions.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

9.